PER CURIAM.
At issue in this appeal is the continuing validity of this court's holding in Eastern Airlines Employees Federal Credit Union v. Lauderdale Yacht Basin, Inc., 334 So.2d 175 (Fla. 4th DCA 1976) that a repairman’s lien rights continue beyond the three month period of possession provided for in section 713.74, Florida Statutes (1973). We conclude that the Eastern Airlines holding was correct, is still viable and was properly applied by the trial court herein.
Section 713.74, in conjunction with other statutory provisions, provides for the creation and duration of liens acquired on personal property by the performing of labor or by the furnishing of materials:
*664 713.74 Acquisition of liens by persons in privity with the owner
As against the owner of personal property upon which a lien is claimed under this part II, the lien shall be acquired by any person in privity with the owner by the performance of the labor or the furnishing of the materials. There shall be no lien upon personal property as against purchasers and creditors without notice unless the person claiming the lien is in possession of the property upon which the lien is claimed. The lien shall continue as long as the possession continues, not to exceed three months after performance of the labor or furnishing the material.
This statute is relevant here because of section 679.310, Florida Statutes (1983) (unchanged since 1969) which governs the priority of statutory liens and other secured interests in the same collateral:
679.9-310 Priority of certain liens arising by operation of law
When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise.
Section 679.310 clearly specifies that a statutory lienor has priority over a prior secured party, unless the lien statute itself provides otherwise. In this case, as in Eastern Airlines, at issue is the duration of the statutory lien created by section 713.74.
In construing the statutory three-month period to apply to possession, rather than to the existence of the lien itself, the Eastern Airlines panel relied on Ocala Foundry & Machine Works v. Lester, 49 Fla. 199, 38 So. 51 (1905), which construed a similar statute passed in 1892:
But when possession has been held for a period of three months the mechanic or laborer has no right under the statute to longer retain the property as against the consent of the debtor. Though the lien still exists, the right to retain possession expires, and upon demand by the debtor he has a right to have the possession. This was not the rule of the common law, but it is the rule under the statute, which expressly limits the right of possession to a period not exceeding three months.
Ocala Foundry, supra, at 54. Thus, under the statute in Ocala Foundry, a laborer was held to have an absolute right to possession of the encumbered collateral for three months, if the owner did not pay for the labor. This three month period was interpreted to be “merely ... a means of exerting moral pressure for inducing or hastening a voluntary payment from the debtor.” Id. at 54. At the end of the three month period, the laborer was specifically empowered to sell the collateral. Id. at 54.
The court in Ocala Foundry relied also upon the fact that the statute there construed explicitly provided for sale of a vehicle at the end of the three month period. Thus, it was reasoned, it made no sense to argue that the lien terminated at the end of the three month period. The three month period was merely an additional means the lienholder could use to attempt to compel payment from the vehicle owner. Under the modern statute, the lien-holder does not have an absolute right to possession during the three month period; section 559.917, Florida Statutes (1983) (effective January 1, 1981-after Eastern Airlines was decided, but prior to the claim of the lien in this case) provides for release of a motor vehicle from a repair shop at any time upon the posting of a bond with the appropriate circuit court. This does not, however, weaken the logic of Ocala Foundry since the bond procedures of section 559.917 merely allow an owner to use his vehicle during litigation while still protecting the interest of the lienholder by allowing a bond to be substituted as security for the lien instead of the vehicle itself. Section 559.917, Florida Statutes (1983) thus reduces the harshness of the three month rule as applied to a consumer. Un *665 der section 559.917 a garageman may not hold a vehicle hostage, even for three months, since the owner can have it released at any time by posting a bond.
Additional support for the holding of Eastern Airlines is found in section 85.011(1) and section 85.031, Florida Statutes (1983), which provide:
85.011 Enforcement by persons in privity with the owner
All liens on real or personal property provided for by part I or part II of Chapter 713 are enforceable by persons in privity with the owners, except when otherwise provided, as follows:
(1) Retention of possession. — By retention of possession of the property on which the lien has attached for a period of not exceeding three (3) months by the person entitled to the lien, if he was in possession at the time the lien attached.
85.031 Remedies against personal property only;, all lienors
(1) By injunction and attachment. — If any person entitled to a lien under part II of chapter 713, Florida Statutes, on personal property has reason to believe that it is about to be removed from the county in which it is, he may enjoin its removal in the manner provided for enjoining the removal of property subject to a mortgage or, if the lien has been perfected, may attach it in the manner provided for attachment in aid of foreclosure of mortgages.
(2) By sale without judicial proceedings. — When any person entrusts to any mechanic or laborer, materials with which to construct, alter or repair any article of value, or any article of value to be altered or repaired, and if the article is completed and not taken away, and the reasonable charges not paid, such mechanic or laborer may sell it after three (3) months from the time such charges become due at public auction for cash but before the sale the mechanic or laborer shall give public notice of the time and place thereof, by notices posted for ten (10) days in three (3) public places in the county, one (1) of which shall be at the courthouse, and another in some conspicuous part of his shop or place of business. The proceeds of the sale, after payment of charges for construction or repair with the costs of the sale, shall be deposited with the clerk of the circuit court for the county, if the owner is absent, where they shall remain subject to the order of the person legally entitled thereto. The clerk shall be entitled to receive five per cent (5%) on the proceeds for the care and disbursement thereof. Any person claiming a lien under s. 713.-65, of part II of chapter 713, may enforce it by sale without judicial proceedings in the manner set forth herein after one (1) month after the time the charges for which a lien is claimed become due.
Thus, the statutory framework for liens specifically provides for a three month pos-sessory period, and for sale after the expiration of that three month period. Therefore, as in Ocala Foundry, supra, it seems that the lienor’s rights are intended to continue beyond the three month period. Although the owner of the collateral has the right to demand possession of the collateral when the three month period expires, it does not appear, under the statutory framework, that the lien itself is intended to expire. For this reason, the logic of Eastern Airlines appears to be valid, both on the basis of the overall statutory framework and on the basis of the statutory construction and interpretation provided in Ocala Foundry, supra.
In our view, there are at least three reasons why the holding of Eastern Airlines, supra, should still be valid. First, if after three months the life of the lien is found to expire, rather than merely the right to possession, a lienor’s interest is completely lost at the end of the three month period. This would make the lien illusory from its inception; vehicle owners could just wait three months and be free of the lien (assuming the lienor does not take steps to dispose of the collateral during that time). The vehicle owner would not, of course, be free of the underlying obligation, which ultimately would have to be *666 litigated without the garageman having the benefit of the lien he once had. This approach is supported by Ocala Foundry. Second, because of the bond procedure of section 559.917, the interpretation of 713.74 provided in Eastern Airlines works no hardship upon vehicle owners; if an owner wants his vehicle returned, he need only post bond at the circuit court. Similarly, if it is beyond the three month period, the vehicle owner is entitled to the outright return of his vehicle. The bond mechanism has modified the strict three month posses-sory period discussed in Ocala Foundry and implied in the modern statute (section 713.74). Section 559.917, while affording a practical solution to the problem of the lienor inconveniently holding the vehicle hostage for three months, appears to recognize the need to protect the lienor. Third, because sections 85.011 and 85.031, Florida Statutes, provide, respectively, for a three month possessory period in the event of a lien, and for sale of the collateral after that period, it seems that section 713.-74 probably is not intended to give a lien a life of only three months.
In accord with the above analysis we reject the appellant’s claim of error in the trial court’s application of the Eastern Airlines decision to this case. We also reject appellants’ claim that the trial court erred in ruling that the written disclosure requirements of the motor vehicle repair act did not apply to this case. See § 559.-902, Fla.Stat. (1983). The judgment of the trial court is affirmed.
ANSTEAD, C.J., DOWNEY, J., and RODGERS, EDWARD, Associate Judge, concur.