In re Trieste L. SBRAGA, Debtor.

Trieste L. SBRAGA, Plaintiff,

v.

Dorothy M. IACOVELLI, Defendant.

Bankruptcy No. 5–81–00589.
Adv. No. 5–81–0368.

United States Bankruptcy Court,
M.D. Pennsylvania.

Aug. 18, 1982.

John J. Robinson, Stroudsburg, Pa., for debtor.

Myles R. Wren, Scranton, Pa., for Dorothy Iacovelli.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The debtor has commenced this adversary proceeding to set aside as a preference the conveyance of a sheriff's deed which putatively divests the debtor of his interest in a parcel of real property. We find that the debtor has failed to establish his entitlement to relief.

## FINDINGS OF FACT

1. In March of 1979, Dorothy May Iacovelli granted the debtor a loan which is evinced by a promissory note.

2. Due to the debtor's default in repayment of the loan, Iacovelli commenced suit in the Small Claims Court in King of Prussia, Pennsylvania. Iacovelli was awarded judgment in the amount of $1,280.93 in September of 1979.

3. Iacovelli recorded the judgment in Monroe County, Pennsylvania on October 30, 1980.

4. Based upon the judgment of October 30th, a writ of execution was issued in Monroe County on January 21, 1981. The sheriff levied upon the debtor's interest in a certain parcel of real property located in that county.

5. The property in question was subsequently purchased for Iacovelli at a sheriff's sale on April 29, 1981.

6. A sheriff's deed for this property was issued on May 5, 1981, and recorded on May 15, 1981.

7. The debtor filed for relief under Chapter 13 of the Bankruptcy Code (the Code) on July 21, 1981.

8. The debtor failed to prove that Iacovelli would have received a lesser payment on her debt through distributions under Chapter 7 of the Code if the alleged preferential transfer had not been made.

## DISCUSSION

█ The issue presented in this case is whether the transfer of the sheriff's deed conveying the debtor's interest in a parcel of real property is a voidable preference under 11 U.S.C. § 547(b) of the Bankruptcy Code. Section 547(b) states as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The burden of proof in a case involving an allegedly voidable preference is on the trustee or debtor-in-possession to prove each of the above elements by a preponderance of the evidence. *Constructora Maza, Inc. v. Banco de Ponce,* 616 F.2d 573, 576 (1st

Cir.1980); *see also Wilkie v. Brooks,* 515 F.2d 741, 744 (6th Cir.1975), *cert. den.,* 423 U.S. 996, 96 S.Ct. 423, 46 L.Ed.2d 370.

Iacovelli does not seriously dispute the presence of elements (1) through (4) under § 547(b). The essence of this dispute focuses upon the debtor's burden in proving § 547(b)(5). Under that subsection a transfer is voidable only if the creditor receives more through his alleged preference than he would receive as payment of his debt through a Chapter 7 bankruptcy. The debtor failed to introduce any evidence indicating that Iacovelli would have received a lesser payment of her debt through distributions under Chapter 7 of the Code if the alleged preferential transfer had not been made. As a result of this, the debtor's action to set aside the conveyance of the sheriff's deed as a preferential transfer must fail.

### CONCLUSION OF LAW

The debtor failed to prove that the transfer of the sheriff's deed to Dorothy May Iacovelli was a preference under 11 U.S.C. § 547(b).