In re CASCO ELECTRIC CORP., Debtor.

Raymond J. AAB, as Trustee, Plaintiff,

v.

WESCO ELECTRIC CORP., Defendant.

No. 83 C 1928.

United States District Court,
E.D. New York.

Sept. 13, 1983.

Raymond J. Aab, New York City, for plaintiff.

Siegel, Sommers & Schwartz, New York City (Harris W. Schwartz, of counsel), New York City, for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

This is an appeal from a judgment of Bankruptcy Judge Cecelia H. Goetz, 28 B.R. 191, dismissing the complaint of the trustee in bankruptcy of an electrical contractor, Casco Electric Corporation (Casco), against Wesco Corporation (Wesco), a subcontractor.

The question is whether the amounts paid by Casco prior to bankruptcy to Wesco constituted a preference under Section 547 of the Bankruptcy Code. This turns on whether the amounts paid were "property of the debtor" within the meaning of that section.

At the time it filed the petition in bankruptcy Casco was working on twelve projects and buying materials from Wesco for three of those jobs. Casco deposited all

the monies from whatever source, whether lenders or contractors, in one general account from which it paid its bills, paying the oldest first.

Within the preference period Casco made three payments to Wesco, a total of $6,403.52. Wesco is still owed over $25,000.

Under the terms of Sections 70 and 71(2) of the New York Lien Law the funds received by Casco for the improvement of real property constitute "trust assets" for the payment of claims of subcontractors and materialmen. Section 75(2) of the Lien Law permits intermingling of the trust funds but requires the contractor to keep records.

■ This court finds persuasive, as did Judge Goetz, the reasoning of *Selby v. Ford Motor Co.*, 590 F.2d 642 (6th Cir.1979), holding that a contractor-debtor did not have a "property" interest within the meaning of the Bankruptcy Act in funds impressed with a statutory trust for benefit of subcontractors.

■ Judge Goetz recognized that many of Casco's creditors will probably include unpaid beneficiaries of New York's Lien Law. However, she held that the result "most congruent with the legislative intention in enacting the Bankruptcy Code, which was to respect statutory trusts, like that created by New York's Lien Law, and to defer to the public policy behind such laws, is not to apply the preference section of the Code to payments made to subcontractors within the preference period, unless demonstrated *not* to be paid out of monies received from the improvements to which the subcontractors contributed" (emphasis in original). This court agrees with that conclusion.

The judgment is affirmed. So ordered.