In re Benjamin D. GARRIS, Debtor.

Benjamin D. GARRIS, Plaintiff,

v.

SEARS ROEBUCK & COMPANY, Defendant.

Bankruptcy No. 83–03611G.
Adv. No. 83–2213G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 9, 1984.

David A. Searles, Law Center Northeast, Philadelphia, Pa., for plaintiff/debtor, Benjamin D. Garris.

Edward Stock, Philadelphia, Pa., for defendant, Sears Roebuck & Co.

Michael A. Cibik, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue in the case at bench is whether a payment made to the defendant is avoidable pursuant to sections 522(g) and (h) and section 547 of the Bankruptcy Code ("the Code"). Since all the elements necessary to constitute a preference under section 547(b) have not been established, we conclude that the payment in question cannot be avoided by the debtor.

The facts of the instant case can be simply stated as follows:[1] On September 14, 1983, Benjamin D. Garris ("the debtor") filed a petition under chapter 7 of the Code. Approximately two weeks prior thereto, there had taken place a settlement of the conveyance of real estate owned by the

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

debtor and his estranged wife. At said settlement, the sum of $659.81 was deducted from the debtor's share of the proceeds of the sale by the title company handling the settlement, which transferred said sum to Sears, Roebuck & Company ("Sears") in satisfaction of a judgment obtained by Sears against the debtor in the amount of $659.81 on May 5, 1982, in the Philadelphia Municipal Court. On October 14, 1983, the debtor filed a complaint against Sears to set aside the $659.81 payment as being a voidable preference within the purview of section 547(b) of the Code. Both parties have filed motions for summary judgment.

■ Section 522(h) of the Code provides:

(h) The debtor may avoid a transfer of property of the debtor or recover a set off to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h) (1979).[2]

As set forth in section 547(b) of the Code, five (5) elements must be satisfied in order to avoid any transfer of the debtor's property:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b) (1979).[3]

■ Under subsection (b)(5) of section 547, a transfer is avoidable only if the creditor (Sears) receives more on account of the alleged preference than said creditor would have received if the debt in question was satisfied in a proceeding under chapter 7 of the Code. In the case *sub judice,* it is undisputed that Sears obtained a judgment against the debtor in the Philadelphia Municipal Court on May 5, 1982. Under Pennsylvania law, that judgment constituted a lien against the debtor's real property.

---

**2.** Section 522(g)(1) provides:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property;

11 U.S.C. § 522(g)(1) (1979).

**3.** The burden of proof to establish each of the elements in § 547(b) by a preponderance of the evidence rests with the trustee or the debtor *Denaburg v. Post Welding Supply Co., Inc. (In re Denaburg)* 7 B.R. 274, 275 (Bkrtcy.N.D.Ala. 1980). *See also American Nat'l Bank & Trust Co. v. Bone,* 333 F.2d 984, 987 (8th Cir.1964); *Mizell v. Phillips,* 240 F.2d 738, 740 (5th Cir. 1957).

(a) Real property.—Any judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property . . . when it is entered of record in the office of the clerk of the court of common pleas of the county where the real property is situated, or in the office of the clerk of the branch of the court of common pleas embracing such county.

42 Pa.Cons.Stat.Ann. § 4303 (Purdon Pocket Part 1983–84) (as amended 1982).[4]

The debtor has utterly failed to establish that Sears would have received a lesser payment of its debt in a distribution under chapter 7 of the Code if the alleged preferential transfer of $659.81 had not been made. Accordingly, the debtor's complaint to set aside the $659.81 payment to Sears will be denied. *See Sbraga v. Iacovelli (In re Sbraga),* 27 B.R. 199, 201 (Bkrtcy.M.D.Pa. 1982).

---

**4.** The laws of Pennsylvania further provide that a "[j]udgment recovered in the Philadelphia Municipal Court shall be a lien upon property in the same manner and to the same extent that judgment recovered in the Court of Common Pleas of Philadelphia is a lien."

42 Pa.Cons.Stat.Ann. § 1123 (Purdon 1981).