In the Matter of CRAFT PLUMBING SERVICE, Debtor(s).

Chris C. LARIMORE, Trustee, Plaintiff,

v.

Raymond L. GULSBY and Carmen G. Gulsby, Defendants.

In the Matter of: Raymond L. GULSBY and Carmen G. Gulsby, Debtors.

Chris C. LARIMORE, Trustee, Plaintiff,

v.

Raymond L. GULSBY and Carmen G. Gulsby, Defendants.

Bankruptcy Nos. 82–1928, 82–1929. Adv. Nos. 83–962, 83–961.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 27, 1985.

Michael P. Horan, Tampa, Fla., for plaintiff.

Rodney L. Dillon, Sarasota, Fla., for defendants.

Chris C. Larimore, Bradenton, Fla., trustee.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

Ordinarily, there is nothing unusual when a trustee in a Chapter 7 case seeks to set aside transfers claimed to be preferential. It is, however, somewhat unusual if the trustee of an estate seeks to set aside the same transfers as fraudulent. It is also unusual when the recepients of the transfer sought to be set aside by the trustee of the estate happen to be Debtors involved in a Chapter 7 case who have already received their general discharge.

This is precisely the situation involved in the matter under consideration which is presented for solution to this Court by Chris Larimore as Trustee for the estate of Craft Plumbing, Inc., d/b/a Craft Plumbing Service (Craft Plumbing), a Debtor corporation in a Chapter 7 case. Mr. Larimore is also the Trustee for the estate of Raymond L. Gulsby and Carmen G. Gulsby, his wife (Gulsbys). In order to achieve his seemingly awkward goal Mr. Larimore filed two Complaints, one in the corporate case (Adversary # 83–962) and one in the case of the individual Debtors (Adversary # 83–96). In the Complaint filed in the corporate case, the Trustee alleges that Craft Plumbing transferred substantial funds either directly or indirectly to the Gulsbys within 90 days preceding the filing of the Petition for Relief. The Trustee claims that these transfers were preferential and thus voidable pursuant to § 547 of the Bankruptcy Code. In addition, the Trustee contends that these transfers were

fraudulent and, therefore, voidable by virtue of § 548 of the Bankruptcy Code.

It is further alleged by the Trustee that Craft Plumbing made certain payments on behalf of Gulsbys between May 27, 1982 and June 18, 1982 which were fraudulent transfers or, in the alternative, voidable preferences inasmuch as the Gulsbys were "insiders" within the meaning of that term as it is defined by § 101(28) of the Bankruptcy Code. Therefore, according to Larimore, these transfers fall within the purview of § 547 which permits the recovery of transfers as preferential from insiders which occurred within one year from the date of the commencement of the case. § 547(b)(4)(B).

In the Complaint filed by Larimore in the individuals case it is alleged that the Gulsbys obtained their discharge through fraud and that the Trustee did not learn about the fraud until after the Gulsbys had obtained their discharge. Therefore, by virtue of § 727(d)(1) the Trustee seeks to revoke the Debtor's discharge. Inasmuch as these two adversary proceeding involve common facts and parties, the two adversary proceedings were consolidated for trial.

The evidence presented at the final evidentiary hearing revealed the following facts relevant to the resolution of the issues presented by the two Complaints.

At the time relevant to the matter under consideration, Craft Plumbing, Inc., a Florida corporation, was engaged as a plumbing subcontractor on new commercial construction projects. Raymond L. Gulsby was the sole stockholder, president and sole director of Craft Plumbing. Carmen G. Gulsby is the wife of Raymond L. Gulsby and it does not appear that she was, at any time, an officer, director or stockholder of Craft Plumbing. Commencing July 15, 1982, Craft Plumbing paid the following sums for the following purpose, either directly or indirectly to Mr. or Mrs. Gulsby:

| DATE | AMOUNT | PURPOSE | EXHIBITS |
|------|--------|---------|----------|
| July 15, 1982 | $734.25 | Payoff on 1979 Ford Granada that was titled in the name of Craft Plumbing, Inc., but was used by Carmen Gulsby, and was still in the possession of Carmen Gulsby as of the date of the hearing | 7, 9 |
| July 16, 1983 | $200.00 | Monthly payment on Gulsby residence, said to be repayment of loan to Craft Plumbing by Gulsby | 13 |
| August 20, 1982 | $200.00 | Monthly payment on Gulsby residence, said to be repayment of loan to Craft Plumbing by Gulsby | 14 |
| August 20, 1982 | $200.00 | Pre-payment of September payment due on Gulsby residence, said to be repayment of loan to Craft Plumbing by Gulsby | 15 |
| July 2, 1982 | $2100.00 | Purchase of logs for Gulsby residence | 16 |
| July 14, 1982 | $299.00 | Purchase used to improve road at Gulsby residence | 17 |
| August 16, 1982 | $1500.00 | Payment of Gulsby household expenses | 19 |
| August 19, 1982 | $2500.00 | Repayment of loan to Raymond Gulsby | 20, 21 |
| August 30, 1982 | $450.00 | "Bonus" to Raymond Gulsby | 22 |

All of these payments occurred during the 90 days preceding the filing of the voluntary petition under Chapter 7 by Craft Plumbing. The Schedules filed by Craft Plumbing listed total assets in the amount of $85,838 and total liabilities of $143,028.59.

While the financial statements admitted in evidence indicated a small profit this Court is satisfied that Craft Plumbing was insolvent at the time of these transfers when one applies the balance sheet test. It is without dispute that the Statement of Affairs filed by Mr. Gulsby on behalf of Craft Plumbing failed to disclose any of these transfers. The response to question 13 on the Statement of Affairs which calls for a disclosure of loan repayments, in whole or in part within one year immediately preceding the filing of the Petition failed to disclose any of these repayments or payments, but merely stated "a general payment to creditors." As noted earlier Craft Plumbing also made a down payment on May 27 in the amount of $500 on a 1975 Dodge Motor home purchased by Mr. and Mrs. Gulsby (Plaintiff's Exhibit # 4). Craft Plumbing also purchased a cashier's check in the amount of $4,500 on June 4, 1982 which was used for the purchase of the motor home (Plaintiff's Exhibit # 5), on June 11, 1982 made a payment in the amount of $124.24 on a 1979 Ford Granada automobile used by Mrs. Gulsby which is subject to a claim of fraudulent transfer which will be discussed below (Plaintiff's Exhibit 8 and 9) and on June 18, 1982 made a payment in the amount of $200 on the residence of Mr. Gulsby (Plaintiff's Exhibit # 12). None of these payments were disclosed on the Statement of Affairs and the answer to question 4 which calls for a disclosure of transfers within one year immediately preceding the filing of the Petition stated that there were none.

It further appears that the 1979 Ford Granada was titled in the name of Craft Plumbing and was paid for by Craft Plumbing, but was actually used by Mrs. Gulsby on a day-to-day basis as her personal vehicle. It appears that shortly before filing the Petition, the title to the Ford Granada was transferred by Craft Plumbing to David Gulsby, the son of the Gulsbys, for an alleged consideration of $150.00. It is without doubt that the value of the car at that time was at least $3,300. (Plaintiff's Exhibit # 24). It is the Gulsby's contention that their son was given the automobile in lieu of wages while he worked for Craft Plumbing, however, after the title to the Ford Granada was transferred to her son, Mrs. Gulsby continued to use the vehicle just as she had before the transfer. Moreover, the son, who was serving in the Marines, later conveyed the title to Mrs. Gulsby for no consideration and the title to the vehicle is still in her name and the automobile is still being used by her in the same fashion as before all these transfers.

Based on the following facts the Trustee attacks these transfers on two alternative grounds. First, it is his contention that all of these transfers were preferential transfers in that they were made by Craft Plumbing while it was insolvent, within one year prior to the filing of the Petition for Relief, and that since the recepients of the transfers were clearly "insiders" the transfers are all voidable on behalf of the estate by Craft Plumbing and the Trustee is entitled to recover the monies transferred pursuant to § 547 of the Bankruptcy Code. Further, Larimore contends that he is entitled to invalidate the transfer of the title of the Ford Granada, therefore, the Ford Granada shall be deemed to be property of the estate and subject to administration.

The claims advanced by Larimore present an anomolous proposition because the Trustee also attacks these transfers as fraudulent transfers pursuant to § 548. The seemingly irreconcilable conflict between the two claims stems from the fact that if there was no antecedent debt owed by Craft Plumbing to the Gulsbys, the claim of voidable preference cannot stand. Conversely, if there was an antecedent debt the claim of fraudulent transfer cannot be sustained under § 548 because an adequate antecedent debt negates the lack of adequate consideration which is an indis-

pensable element of a claim asserted under § 548(a)(2)(A).

■ Considering the claim of voidable preference first, it is well to state at the outset that the burden to establish all operating elements of a voidable preference under § 547 is on the Trustee. *Klein v. Tabatchnick*, 610 F.2d 1043, 1049 (2nd Cir. 1979); *Gruner v. Abbott & Cobb, Inc. (In re P & Z Island Farms, Inc.)*, 478 F.Supp. 529, 531 (S.D.N.Y.1979); *In re Casco Electric Corp.*, 28 B.R. 191, 195 (Bankr.E.D.N.Y.1983) *aff'd* 35 B.R. 731 (E.D.N.Y.1983); *In re Sbraga*, 27 B.R. 199 (Bankr.M.D.Penn.1982). Applying this test to the proof presented, there is hardly any doubt that the Trustee discharged his burden. First, it is without dispute that the transfers itemized earlier all occurred either within 90 days preceding the commencement of the case of Craft Plumbing or at least within a year preceding the case. It is equally clear that the recepients of these transfers, the Gulsbys or, at least Mr. Gulsby, were "insiders" within the meaning of the term as defined by § 101(28) of the Bankruptcy Code. While it is true that Mrs. Gulsby was neither an officer, director nor a stockholder of Craft Plumbing, her undeniably close connection with Craft Plumbing warrants the conclusion that she was, in fact, an "insider". While there is some evidence in this record which according to the Gulsbys supports the proposition that at the time of these transfers Craft Plumbing was not insolvent, this Court expressly rejects this contention for the following reasons. First, by virtue of § 547(f) of the Bankruptcy Code, the insolvency of a transferor-debtor is presumed and the burden is on the transferee to overcome this presumption. Applying the foregoing, this Court is satisfied that the evidence presented by the Gulsbys in support of their attempt to overcome the presumption of insolvency is wholly insufficient and fails to overcome the presumption. The profit and loss statements which were admitted in evidence, as a general proposition, have only an indirect relevance to the question of insolvency. One may operate at times at a profit, yet be insolvent when the balance sheet test, which is the only valid test, is applied. This is so in spite of a positive cash flow. A possible profit does not negate insolvency and if the liabilities exceed the aggregate value of the assets, the Debtor is still insolvent. Moreover, the operating statement put in evidence by the Gulsbys indicated only a very slight profit at times and mostly a break-even or marginal loss. Second, there is hardly any question that on September 20, the date the voluntary petition for Craft Plumbing was filed, Craft Plumbing was insolvent in that its liabilities exceeded its assets by a ratio of almost two-to-one, to be precise by 1.7, even when one accepts the valuation of the assets stated by the Gulsbys in the Summary of Assets and Liabilities of Craft Plumbing, a proposition of doubtful validity. It is a well-established legal principle that while an adjudication in bankruptcy under the Act of 1898 did not create any presumption of insolvency on any prior date if it can be shown that no substantial change occurred in the financial condition of a Debtor between the time of transfer under challenge and at the time of adjudication, it may be reasonable to assume that the Debtor was insolvent at the time of the alleged preference. *Dinkelspiel v. Weaver*, 116 F.Supp. 455 (W.D.Ark.1953); *Engelkes v. Farmers Co-op Company*, 194 F.Supp. 319 (N.D. Iowa 1961). There is nothing in the corresponding section of the Bankruptcy Code, § 547, which would require a different result. On the contrary, as noted, the proposition is further fortified by the specific provision of the Code which creates a presumption of insolvency in favor of the estate. This being the case, there is no question that the transfers described above, both within the 90 days and outside the 90 days, were preferences within the meaning of § 547 and voidable by the trustee of the estate of Craft Plumbing.

■ This leaves for consideration the alternative claim of the Trustee based on § 548 that these were transfers by an insolvent Debtor without fair and adequate consideration and were thus fraudulent. There is absolutely no documentation in

this record of any of these alleged "loans" or "advances." There is no question in this Court's mind that the Gulsbys might have "put in" personal funds into the corporate account and that Mr. Gulsby dealt with the affairs of Craft Plumbing and with his personal affairs indiscriminately or with total disregard for the separate and individual existence and identity of Craft Plumbing. However, there is nothing in this record to warrant the findings of fair and adequate consideration for the transfer of these funds. Based on this, if one rejects the defenses asserted by Gulsby in the preference action, one must conclude that the Trustee is entitled to prevail on his claims based on § 548(a)(2)(A), (B)(i) because the transfers of funds were without fair and adequate consideration. In addition, the transfer of title to the automobile was, obviously, an attempt by Gulsby to immunize the automobile from any claim of the Trustee of Craft Plumbing by placing the title in the name of his son. It takes no great imagination to conclude that this was a sham transfer, that the son did not use the automobile before the transfer nor did he use it after the transfer and Mrs. Gulsby remained in full control and possession of the automobile at all times regardless of the change of title. The fact of the matter is she still is in possession of the automobile. The $150 payment by the son was certainly nothing but a token payment for Craft Plumbing's interest in the automobile, which was in excess of $3,000.

Based on the foregoing, this Court is satisfied that the Trustee of Craft Plumbing is entitled to prevail on his claim, either on the theory of a voidable preference or on the theory of fraudulent transfer.

Ordinarily, this would conclude the matter, save for the fact that the recepients of these transfers are Mr. & Mrs. Gulsby who are themselves Debtors who have already obtained their discharge. This, of course, presents the question of whether or not the Trustee can recover on his claim without first obtaining an order revoking the discharge of Mr. & Mrs. Gulsby.

In order to resolve this issue, one must analyze the true nature of a Trustee's claim. If the claim of the Trustee is not based on legal obligations incurred by these Debtors *prior* to (emphasis supplied) the commencement of their voluntary Chapter 7 case, obviously, the discharge has no impact on these obligations simply because a discharge under § 727 only operates as a legal release of the obligations which were in existence at the time of the commencement of the case, § 727(b). On the other hand, the liability of the Gulsbys based on the transfers involved were just other pre-petition debts and their discharge would bar recovery unless it is revoked or unless the debts were found to be non-dischargeable by virtue of any of the exceptive provisions of § 523(a) of the Bankruptcy Code. There is no question that the Trustee's claim based on the preferential transfer was not a legal obligation owed by either Mr. and Mrs. Gulsby on the date of the commencement of their Chapter 7 case. This is so because, absent the bankruptcy of Craft Plumbing, there would have been nothing wrong or improper with these transfers. Absent bankruptcy, the question of preference does not even come into play. In addition, if the recepient of a preferential or a fraudulent transfer is permitted to retain what was transferred just because he or she received a discharge in bankruptcy, this interpretation would produce a totally unacceptable result, totally contrary to the well established policy of the Bankruptcy Code and would frustrate the intent of Congress in granting the special voiding powers to the Trustee found in § 547 and § 548. Moreover, it is clear that in an action to recover a preference or fraudulently transferred property, the Trustee is entitled to recover the value of the property transferred in the event the property is no longer available. *In re Lyons*, 23 B.R. 123 (Bankr.E.D.Va.1982).

Based on the foregoing, this Court is satisfied that the fact that Mr. and Mrs. Gulsby received their discharge is no bar to the Trustee's right to set aside these transfers and recover the properties transferred. Even assuming, without admitting, that a

revocation of the discharge of Mr. & Mrs. Gulsby is a condition precedent to the Trustee's right to recover the properties transferred, there is hardly any doubt that the Trustee's claim for relief set forth in the Complaint for revocation of discharge has also been established with more than adequate proof in this case. Mr. Gulsby, who signed and verified the Statement of Affairs for Craft Plumbing failed to disclose any of the extensive transfers of funds by Craft Plumbing. None of these transfers were known to the Trustee prior to the receipt of a discharge by Mr. and Mrs. Gulsby. Had they been disclosed, the Trustee or a creditor of Craft Plumbing would have had an opportunity to challenge the Gulsby's right to a discharge.

Based on this, it is not difficult to conclude that at least Mr. Gulsby obtained his discharge through fraud, at least a constructive fraud, therefore the Trustee would be entitled to a decree revoking at least the discharge of Mr. Gulsby.

A separate Final Judgment will be entered in accordance with the foregoing.