### In re MILLER'S AUTO SUPPLIES, INC., Debtor.

### Max SCHWARTZ, Trustee, Plaintiff,

### v.

### COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF REVENUE, Defendant.

Civ. A. 87–4934.
Bankruptcy No. 84–02233K.
Adv. No. 86–0148S.

United States District Court,
E.D. Pennsylvania.

July 12, 1988.

---

David S. Fishbone, Ciardi Fishbone and Didonato, Philadelphia Pa., for Miller's Auto Supplies.

Prince Altee Thomas, Deputy Atty. Gen., Office of the Atty. Gen., Philadelphia Pa., for Commonwealth of Pa.

## ORDER

O'NEILL, District Judge.

1. Commonwealth of Pennsylvania Department of Revenue appeals from a final order of the Bankruptcy Court for the Eastern District of Pennsylvania. This Court's jurisdiction is based on 28 U.S.C. § 158.

2. The appeal arises from an adversarial proceeding brought by debtor's trustee against appellant to avoid, as preferential transfers under 11 U.S.C. § 547(b) (1979 & Supp.1988)[1], sales tax and withheld employee income tax payments made by debtor to appellant. Appellant denied that the payments constituted a transfer of property of the debtor's estate under § 547(b), and argued that the payments constituted a transfer of funds held by debtor in trust for appellant. *See* Brief for Appellant at 4, 6–7. The pertinent facts are set forth in the Stipulation of Facts filed by the parties on April 28, 1987, and in the Bankruptcy Court's opinion of July 13, 1987, 75 B.R. 676.

3. The principal issues on appeal present questions of law. I must make an

---

1. 11 U.S.C. § 547(b) provides in pertinent part:

(b) ... the trustee may avoid any transfer of an interest of the debtor in property—

  (1) to or for the benefit of a creditor;

  (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

  (3) made while the debtor was insolvent;

  (4) made—

    (A) on or within 90 days before the date of the filing of the petition; ...

  (5) that enables such creditor to receive more than such creditor would receive if—

    (A) the case were a case under Chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

independent determination of the correctness of the Bankruptcy Court's legal conclusions. *E.g., In re Philadelphia Athletic Club, Inc.,* 20 B.R. 328 (E.D.Pa.1982).

■ 4. The Bankruptcy Court held that debtor's payment of withheld employee income taxes and retail sales taxes, in conjunction with statutory tax trust provisions, did not, alone, establish that the transferred funds were held in trust for the taxing authority and therefore not subject to avoidance under 11 U.S.C. § 547(b). I affirm. *Drabkin v. District of Columbia,* 824 F.2d 1102 (D.C.Cir.1987) (decided after the opinion of the Bankruptcy Court was filed).

5. The Bankruptcy Court entered judgment in favor of trustee based on the lack of evidence concerning the source of the transferred funds and appellant's failure "to meet its burden of tracing the funds or of proving that the alleged trust funds had been segregated from the general accounts of the debtor." at 682. The Bankruptcy Court held that "the burden" was upon appellant "to trace the funds against which a trust is being asserted and, if it fails to do so, no claim to specific funds will be permitted." *Id.* at 679. The Bankruptcy Court's holding does not appear to have been based on a factual finding that debtor had commingled funds and failed to hold the funds in trust for appellant; nor does it seem to have been based on a finding that appellant had failed to overcome a prima facie showing by trustee that debtor's payments constituted a transfer of an interest of the debtor in property. *Cf. In re Air Florida Systems, Inc.,* 50 B.R. 653, 659 (Bankr.S.D.Fla.1985).

■ 6. In an action to avoid a transfer under 11 U.S.C. § 547(b), the burden of proof is on the trustee or debtor-in-possession to prove by a preponderance of the evidence each of the elements of a voidable transfer. The statute provides, in relevant part, that "the trustee has the burden of proving the avoidability of a transfer under subsection (b) of this section...." 11 U.S. C. § 547(g) (Supp.1988); *see also, In re Sbraga,* 27 B.R. 199, 200 (Bankr.M.D.Pa. 1982). The trustee or debtor-in-possession has the burden of proving that the money transferred constituted "an interest of the debtor in property." *See In re Casco Elec. Corp.,* 28 B.R. 191 (Bankr.E.D.N.Y.), (applying § 547(b) as it read prior to the 19854 amendments, which substituted "of an interest of the debtor in property" for "of property of the debtor"), *aff'd,* 35 B.R. 731 (E.D.N.Y.1983). In *United States v. Randall,* 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273 (1971), the burden of proving the existence of a trust was properly placed on the government because it brought the action, pursuant to 26 U.S.C. § 7501(a), to recover from debtor's estate employee taxes which debtor withheld but failed to transfer. Section 7501(a) provided, in part, that the amount of withheld taxes "shall be held to be a special fund in trust for the United States."

■ 7. In my view, the Bankruptcy court erred by, in essence, placing on appellant the burden of proving that the transferred property did not constitute "an interest of the debtor in property" within the meaning of 11 U.S.C. § 547(b).

8. The Bankruptcy Court's Order of July 13, 1987, is VACATED and the case REMANDED for further proceedings not inconsistent with this decision.