**In re MILLER'S AUTO SUPPLIES, INC., Debtor.**

**Max SCHWARTZ, Trustee, Plaintiff,**

v.

**COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF REVENUE, Defendant.**

Bankruptcy No. 84–02233S.

Adv. No. 86–0148S.

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 19, 1988.

David Fishbone, Philadelphia, Pa., for debtor.

Prince Altee Thomas, Deputy Atty. Gen., Com. of Pa., Philadelphia, Pa., for defendant.

## ORDER

DAVID A. SCHOLL, Bankruptcy Judge.

AND NOW, this 19th day of October, 1988, upon consideration of the Plaintiff's Supplemental Exhibits, which counsel agreed could be added to the record of this case at a hearing on October 12, 1988, at which we indicated, in our Order of September 7, 1988, we would allow supplementation of the record upon remand of this proceeding by the District Court in 93 B.R. 342, (E.D.Pa.1988), it is hereby ORDERED AND DECREED as follows;

1. Our Order of July 12, 1987, is hereby REINSTATED. The supplementary documentation produced by the Plaintiff established, apparently beyond question, that the payment of $118,205.29 in issue was remitted to the Defendant in the form of three checks of the following dates in the following amounts: April 12, 1984—$41,926.68; May 22, 1984—$34,351.93; and June 1, 1984—$41,926.68. The funds paid through these checks were all received by the Debtor in financing arrangements which the Debtor made with Citicorp Industrial Credit, Inc. and Armco Commercial for, *inter alia*, the purpose of paying the delinquent withholding taxes to the Defendant. Clearly, the Debtor had not placed the funds in either a tax account or any other account at or about the time when the sums due to the Defendant should have been withheld.

The District Court, in its remand Order of July 12, 1988, affirmed our holding that the fact that the Debtor had an obligation to withhold the taxes did not exempt funds ultimately paid from the status of "property of the estate." Rather, it held that, if the Plaintiff met his burden of proving that the Debtor had an "interest" in the property by establishing that the funds paid were not properly withheld, the Plaintiff could recover the funds as preferential transfers. The Plaintiff has clearly met this burden. He has established that the funds paid were not properly withheld, but were generated from loans made subsequent to the dates of proper withholding to make up a delinquency in the Debtor's duty to withhold. The facts are therefore comparable to those in *In re Air Florida Systems, Inc.*, 50 B.R. 653, 655–59 (Bankr.S.D.Fla.), *aff'd,* 56 B.R. 732 (S.D.Fla.1985), cited with apparent approval by the District Court, in which the payment transfers in issue were held to be preferential. *See also In re*

*Olympic Foundry Co.*, 63 B.R. 324, 325, 326–29 (Bankr.W.D.Wash.1986).

2. Judgment is re-entered in favor of the Plaintiff, MAX SCHWARTZ, TRUSTEE, and against the Defendant, COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF REVENUE, in the amount of $118,205.29.