In re **BUILDING DYNAMICS, INC., Debtor.**

Robert S. **COOPER, As Trustee, Plaintiff,**

v.

**GRISOFE ELECTRIC CORP., Defendant.**

Bankruptcy Nos. 89–21196, 91–2105.

United States Bankruptcy Court, W.D. New York.

Jan. 2, 1992.

from coverage under ERISA.

Harris, Beach & Wilcox by David Rasmussen, Rochester, N.Y., for trustee.

Harris, Evans, Fox & Chesworth by Michael A. Damia, Rochester, N.Y., for Grisofe Elec. Corp.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This is a motion and cross-motion for Summary Judgement to void a preferential transfer of $2,912.00 from debtor to subcontractor, Grisofe Electric Corporation. The issue is whether the trustee of a bankrupt contractor may recover as a preference monies paid to a subcontractor, the beneficiary of a statutory trust, under the Lien law of New York.

The parties have stipulated to the facts. Grisofe Electric agreed to furnish electrical work, services and materials for a project on which debtor was the contractor for Richland Industries. Grisofe Electric completed the work on February 2, 1989 and billed the debtor, Building Dynamics.

Building Dynamics received $68,183.00 from Richland Industries for the work performed on the site, placed the monies in its operating account on March 14, 1989, and used it to pay operating expenses of the debtor. Building Dynamics failed to pay Grisofe Electric and Grisofe commenced an action in state court on March 24, 1989. $2,912.00 was paid to Grisofe Electric on April 5, 1989 and was part of the money received by Building Dynamics from Richland Industries.

Debtor filed a Chapter 7 petition for relief on June 30, 1989. The trustee in bankruptcy has brought this adversary proceeding, pursuant to § 547(b) of the Bankruptcy Code, to recover the transfer of $2,912.00 made to Grisofe Electric within 90 days of the filing of Building Dynamics' petition as a preferential payment.

Under the requirements of 11 U.S.C. § 547(b), the transfer must be "property of the debtor" to constitute a preference. If a transfer consists of trust funds, then the payment was not of property of the debtor. Therefore, the question is whether trust funds arose under state law.

New York Lien law creates a trust and requires that funds received by a general contractor for the improvement of real property be held in trust for the benefit of subcontractors. New York Lien Law §§ 70–79a. Section 71(2) of the Lien law provides "The trust assets of which a contractor ... is trustee shall be held and applied for the following expenditures arising out of the improvement of real property ... (a) payment of claims of subcontractors." Failure to comply with the statute constitutes a diversion of trust funds. New York Lien Law § 79–a. Intermingling of the trust funds is permitted, but careful records must be kept. New York Lien Law § 75(1).

In *Aquilino v. United States*, 10 N.Y.2d 271, 219 N.Y.S.2d 254, 176 N.E.2d 826 (1961), the leading case interpreting the New York trust provisions, the Court of Appeals held that proceeds "due or to become due" from a construction contract are to be applied first to the payment of statu-

tory beneficiaries, the contractor having a beneficial interest "only in so much of the proceeds as remain after the claims of all beneficiaries have been settled." *Id.* at 280, 282, 219 N.Y.S.2d at 261, 262–263, 176 N.E.2d at 882.

As Judge Goetz recognized in *In re Casco Electric Corp.*, 28 B.R. 191 (E.D.N.Y.1983), *aff'd* 35 B.R. 731 (D.C.1983), the result most congruent with legislative intention in enacting the Bankruptcy Code was to respect statutory trusts, like that created by New York Lien Law and to defer to the public policy behind such laws. *Id.* at 196. Since the policy behind the New York Lien Law is to impress a trust on the monies received by the contractor and have that trust continue until the claims of all the beneficiaries have been paid, the preference section of the Code should not be applied to payments made to subcontractors within the preference period unless demonstrated by the trustee *not* to be paid out of monies received from the improvements to which the subcontractors contributed. *Id.* at 196. It is undeniable that Building Dynamics received monies constituting trust assets from Richland Industries. The burden lies on the trustee to prove that the money paid to Grisofe Electric was not part of such trust assets.

The Bankruptcy Court of the Eastern District of New York found under similar facts that the transfer to a subcontractor was not a preference, because the monies transferred were not property of the estate even though they were commingled in the general account of the contractor. *In re Casco Electric Corp.*, 28 B.R. 191, 195 (E.D.N.Y.1983) *aff'd* 35 B.R. 731, 732 (D.C.1983). In *Casco Electric Corp.*, Casco was a contractor who paid Wesco, a subcontractor, three different checks for three jobs from its general account which the trustee wished to avoid as preferences, since Wesco was paid within 90 days of the filing of the bankruptcy petition. *Id.* at 192. The debtor-contractor did not keep the money it received in payment for completed jobs separate but deposited the monies in a general account. *Id.* The court found that the payments received by Wesco were trust funds under New York Lien Law and not property of the debtor, even though all the monies received by the debtor were commingled into one account. *Id.* at 195. Since the transfers were made from monies which were not the debtor's property, no preference had taken place. Even though the monies were commingled, the bankruptcy court decided that the burden lies on the trustee to establish that the payments were not traceable to trust funds received and were property of the debtor.

"As between the trustee, as the representative of Casco's general creditors, and Wesco, a subcontractor on Casco's construction projects, the latter would have the superior right to the monies paid during the preference period if part of the funds paid Casco were from the three projects on which Wesco's equipment was used. Because of the way in which Casco maintained its records and paid its creditors, it cannot now be determined what money from those projects Casco had on hand when it paid Wesco. But ... the burden lies on the trustee to establish each and every element of a preference, including the fact that the money given it constituted property of the debtor."

*Id.*

In this case, as in *Casco Electric Corp.*, Building Dynamics kept one general account in which it placed monies it received from Richland Industries and from which it paid Grisofe Electric. The trustee has not proved any facts to indicate that the amount paid to Grisofe Electric is not traceable to the amount received from Richland Industries or is not part of the trust funds. The stipulated facts indicate that the amount paid to Grisofe Electric was part of the $68,183.00 received by Building Dynamics from Richland Industries. Therefore, the $2,912.00 transfer to Grisofe Electric is not a preference under 11 U.S.C. § 547(b) since it was not property of the debtor and it is so ordered.