289 So.2d 37 (1974)
CAROLINA AIRCRAFT CORP., Appellant,
v.
COMMERCE TRUST COMPANY, a banking Institution under the Laws of the State of Missouri, and Kwiki Systems, Inc., a Foreign Corporation, Appellees.
No. 72-596.
District Court of Appeal of Florida, Fourth District.
January 31, 1974.
Peter A. Portley, Pompano, for appellant.
Eugene L. Heinrich, of McCune, Hiaasen, Crum, Ferris & Gardner, Ft. Lauderdale, for appellee Commerce Trust Co.
OWEN, Chief Judge.
This case comes to us on a stipulated statement of facts, the question presented being a determination of priority between a prior recorded security interest in the form of a chattel mortgage on an airplane (recorded with the Federal Aviation Authority pursuant to 49 U.S.C.A., Section 1403) and a subsequent Mechanic's Lien for repairs arising under F.S. Section 713.58, F.S.A. The trial court held that appellee's prior recorded security interest was superior to appellant's unrecorded possessory lien. We reverse.
*38 Appellee held a valid chattel mortgage on an airplane owned by Kwiki Systems, Inc. The lien was recorded pursuant to 49 U.S.C.A., Section 1403. Subsequently, Kwiki Systems, Inc. placed the airplane with appellant for the purpose of performing repairs thereto. The repairs were performed in the value of $14,397.37, the airplane remaining in the possession and control of appellant. No notice was given to appellee prior to the time appellant commenced the furnishing of such service and repairs to the airplane, and appellant did not at any time file any notice of lien or other "conveyance" or "security interest" with the Federal Aviation Authority.
Appellee brought an action to foreclose its mortgage and caused the airplane to be attached. Appellant was permitted to intervene in the foreclosure to obtain a determination of the relative priority of its unrecorded possessory lien, the parties having stipulated that the attachment by appellee would not affect appellant's lien nor the question of its priority.
Appellant's Mechanic's Lien arose under the provision of F.S. Section 713.58, F.S.A. By virtue of F.S. Section 679.310, F.S.A..[1] such statutory lien takes priority over a prior security interest absent any express provision to the contrary in the statute creating the lien. Because no such contrary provision is contained in F.S. Section 713.58, F.S.A., the priority of the Mechanic's Lien is clear. Gables-Lincoln Mercury, Inc. v. First Bank and Trust Company of Boca Raton, Fla.App. 1969, 219 So.2d 90 so held on substantially identical facts.
Appellee contends that 49 U.S.C.A., Section 1403 and F.S. Section 329.01, F.S.A., establish the exclusive means by which the validity and priority of liens against aircraft shall be determined.[2] An identical situation (involving a security interest recorded under the federal statute) was considered by the Superior Court of New Jersey, Appellate Division, in the case of Southern Jersey Airways, Inc. v. National Bank of Secaucus, 1970, 108 N.J. Super. 369, 261 A.2d 399.[3] It was there held that the federal recording of the security interest did not accord it a priority over the Mechanic's Lien, the relative priority of the liens being determined in accordance with state law. In that case, the Mechanic's Lien was statutorily created, and under the identical provision of the Uniform Commercial Code as here the statutory lien was held to have priority.
Appellee contends alternatively that should this court determine (as we have) that appellant's possessory lien is superior to appellee's security interest, the amount or value of services and materials provided by appellant which should be considered is only that which was furnished within three months before appellant took action to enforce or foreclose its lien. However, the issue presented to the trial court, upon which it entered judgment in favor of appellee, and upon which the parties formulated the stipulated statement of facts, was purely and simply the matter of priority of *39 the liens. The extent or value of appellant's lien is an issue which is not decided by us.
Reversed and remanded for further proceedings consistent herewith.
WALDEN, J., and SMITH, CULVER, Associate Judge, concur.
NOTES
[1] F.S. 679.310, F.S.A. "Priority of certain liens arising by operation of law.  When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise."
[2] We do not have here the question of priority between two owner-created contractual liens against the aircraft as was the case in James Talcott, Inc. v. Bank of Miami Beach, Fla.App. 1962, 143 So.2d 657. Rather, the question here is the priority between an owner-created contractual lien and a subsequent lien arising by operation of law in favor of one who in the ordinary course of his business furnishes services or materials with respect to the property subject to the prior security interest.
[3] The scholarly opinion of Judge Conford examines in depth the cases interpreting 49 U.S.C.A., § 1403, and the various treatises that have been written on this particular subject.