334 So.2d 175 (1976)
EASTERN AIRLINES EMPLOYEES FEDERAL CREDIT UNION, a Corporation, Appellant,
v.
LAUDERDALE YACHT BASIN, INC., a Florida Corporation, and George Gonzalez, Appellees.
No. 74-1594.
District Court of Appeal of Florida, Fourth District.
April 30, 1976.
Rehearing Denied July 12, 1976.
*176 Barry J. Clyman of Law Offices of Leonard Frishman, P.A., Coral Gables, for appellant.
Frank J. Sinagra and Gary S. Gostel of Friedman, Britton & Stettin, Fort Lauderdale, for appellee, Lauderdale Yacht Basin, Inc.
OWEN, Judge.
This case differs from Carolina Aircraft Corp. v. Commerce Trust Company, 289 So.2d 37 (4th DCA Fla. 1974), in that here, in addition to the question of priority between a prior recorded security interest and a subsequent attaching mechanic's lien for repairs upon personal property in the possession of the mechanic, there is also presented the question as to the subsisting life of the mechanic's possessory lien.
At the time that George Gonzalez delivered his boat to appellee-Lauderdale Yacht Basin, Inc. for certain repair work, the boat was subject to a prior recorded security interest held by appellant. Appellee-Yacht Basin performed the requested repair work and after the work had been completed, kept the boat in its possession claiming a possessory lien by virtue of Fla. Stat. §§ 713.58 and 713.60 (1973). Approximately five months after the repair work had been completed, appellee-Yacht Basin brought this suit to foreclose its lien, naming Gonzalez and appellant as defendants. Appellant filed a counterclaim, asserting that its recorded security interest was superior in dignity to the mechanic's lien. Appellant also filed a cross-claim against the boat owner, seeking to foreclose its security interest. The trial court held that appellee's mechanic's lien was superior to the appellant's prior recorded security interest, and having determined the priority of the respective liens, the court ordered both liens to be foreclosed and the boat sold to satisfy the amounts due thereunder. The case is here, of course, because the value of the boat was insufficient to satisfy both liens.
*177 It is now established that under Fla. Stat. § 679.310(1973)[1] appellee's lien has priority over appellant's perfected security interest. Carolina Aircraft Corp. v. Commerce Trust Company, supra; Gables Lincoln-Mercury, Inc. v. First Bank and Trust Company of Boca Raton, 219 So.2d 90 (3rd DCA Fla. 1969). Appellant, recognizing that the cited cases involved only the issue of priorities between valid and subsisting liens, contends that these cases have no application here because appellee's mechanic's lien had expired at the conclusion of three months following completion of the work on the boat, and therefore was no longer a viable lien when the suit was commenced. Our inquiry is thus narrowed by this issue.
In support of its position, appellant cites us to Fla. Stat. § 713.74 (1973) which reads as follows:
"As against the owner of personal property upon which a lien is claimed under part II [of this chapter], the lien shall be acquired by any person in privity with the owner by the performance of the labor or the furnishing of the materials. There shall be no lien upon personal property as against purchasers and creditors without notice unless the person claiming the lien is in possession of the property upon which the lien is claimed. The lien shall continue as long as the possession continues, not to exceed three months after performance of the labor or furnishing the material."
This statute clearly provides that one acquiring a mechanic's possessory lien against personal property (under a provision such as Fla. Stat. § 713.58) has a lien against the property as against subsequent[2] purchasers and creditors without notice so long as the lienor continues in possession of the property upon which the lien is claimed. It also provides that such possession is not to exceed three months after performance of the labor or furnishing the material. This latter provision is identical to language in an earlier statute which was construed by the Supreme Court to mean that the lienor's right to possession was not to exceed three months after performance of the labor or furnishing the material. Ocala Foundry and Machine Works v. Lester, 49 Fla. 199, 38 So. 51 (1905).
Thus, we reason as follows: Gonzalez, the owner of the boat, had the right to demand and obtain possession of the boat after the expiration of three months following completion of the repair work; he did not do so, but instead permitted appellee to remain in possession of the boat; appellee's lien on the boat continued as long as appellee continued in possession thereof; since appellee was in possession of the property at the time this foreclosure suit was filed, the lien was at that time a valid and subsisting lien contrary to appellant's contention that the lien had earlier expired.
Appellant's other point and the appellee's point raised on cross-assignment of error are without merit and do not require discussion. The judgment is
AFFIRMED.
DOWNEY, J., and NESBITT, JOSEPH, Associate Judge, concur.
NOTES
[1] Fla. Stat. § 679.310 (1973) provides:

"679.310 Priority of certain liens arising by operation of law.  When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise."
[2] The word "subsequent" is implied, since the lien could not be against prior purchasers, and the mechanic's lien priority as against prior creditors without notice is created, not by § 713.74, but by Fla. Stat. § 679.310.