BASKIN, Judge
(dissenting).
Appellants contend that because they are in possession of the boat, their liens for costs in connection with its manufacture are superior to the bank’s perfected security lien. They rely on section 679.310, Florida Statutes (1977) as authority:
Priority of certain liens arising by operation of law. — When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise.
In its Order Granting Summary Judgment, the trial court stated:
(14) The Court finds that the Defendants have a possessory lien on the White Hull by virtue of Florida Statute §§ 713.60, 713.61 or 713.62, but rejects Defendants’ contention that such possessory lien is superior to that of Sun Bank pursuant to Florida Statute § 679.310.
The bank did not cross-appeal the finding by the court that appellants have a posses-sory lien.
An unrecorded possessory lien is superior to a recorded security interest. Eastern Airlines Employees Federal Credit Union v. Lauderdale Yacht Basin, Inc., 334 So.2d 175 (Fla. 4th DCA 1976); Carolina Aircraft Corp. v. Commerce Trust Co., 289 So.2d 37 (Fla. 4th DCA 1974); Gables Lincoln-Mercury, Inc. v. First Bank & Trust Co. of Boca Raton, 219 So.2d 90 (Fla. 3d DCA 1969); § 679.310, Fla.Stat. (1977). Title does not control. See the Uniform Commercial Code Comment to enactment of section 679.310, Fla.Stat.Ann. (1966). I would therefore reverse and remand for further proceedings.