**UNITED STATES of America, Appellant,**

v.

**AIR FLORIDA, INC., a/k/a Airport Systems, Inc., Appellee.**

**No. 85–2719–CIV–EPS.**

United States District Court, S.D. Florida, Miami Division.

Dec. 3, 1985.

Richard Mitchell, J. Christopher Kohn, Justice Dept., Washington, D.C., for appellant.

Arnold D. Schatzman, John K. Olson, Robert A. Greenspon, Miami, Fla., for appellee.

## MEMORANDUM OPINION & ORDER AFFIRMING JUDGMENT OF THE BANKRUPTCY COURT

SPELLMAN, District Judge.

### I

This CAUSE comes before the Court on the United States of America's, Internal Revenue Service, Appeal from the Final Judgment of the Bankruptcy Court, entered on July 9, 1985, as amended by entry of July 19, 1985. The Bankruptcy Court below ordered the IRS to pay over $8,671,-209.28 to the Debtor, and ordered that another $680,000 plus all accrued interest, which Air Florida Inc. is currently holding in separate funds to pay prepetition federal excise and/or wage related taxes, released free of Internal Revenue claims. This Court, having reviewed the file, read the briefs submitted by all parties, and having heard oral argument, hereby AFFIRMS the judgment of the bankruptcy court.

### II

The Bankruptcy Court found that the payment of the $8,021,209.28 by Air Florida to the IRS within 90 days of the filing of the bankruptcy proceeding constituted a preferential transfer under 11 U.S.C. § 547 and that this sum was property of the estate pursuant to 11 U.S.C. § 541, and must be returned to the estate. The Appellant contends that of that sum, $7,063,-886.69 constituted collection of certain "trust fund" taxes. These were, according to the IRS, withheld or otherwise collected by Air Florida to be held in trust for the benefit of the United States, but not as property of Air Florida. The IRS would have this Court conclude that satisfaction of these "trust fund" taxes cannot constitute a preference because the Debtor was simply restoring to the government monies "held in trust in its behalf," and was not paying or transferring "property of the estate." Brief for Appellant at 10.

Pursuant to 11 U.S.C. § 547, in order for a transfer of property of the debtor to be avoided, it must be established that the (1) transfer was to or for the benefit of a creditor; (2) for or on account of an antecedent debt; (3) made while the debtor was insolvent; (4) made within 90 days prior to the filing of the petition; and (5) the creditor has received more than such creditor would receive if the case were a case under Chapter 7 of this title. It is not disputed that the payments were made for an antecedent debt, paid within 90 days of the petition, and made at a time when the Debtor was insolvent. *See,* Findings of Fact & Conclusions of Law, p. 3.

The IRS, however, seeks to upset the Bankruptcy Court's determination on the preference claim on the grounds that the payment of the monies cannot constitute a "transfer of the Debtor's property." None of the monies received by the IRS came from the collection of taxes from which a trust could be created. All but the $68,-895.23 of Air Florida's own funds came directly from GPA to the IRS. These funds were never held by Air Florida or even deposited in an Air Florida account.

█ In addition, 26 U.S.C. § 7501(a) imposes a trust upon, "the amount of tax so collected or withheld." In *Slodov v. United States,* 436 U.S. 238, 255, 98 S.Ct. 1778, 1789, 56 L.Ed.2d 251 (1978), the Supreme Court explicitly rejected the argument that § 7501 "can be construed as establishing a fiduciary obligation to pay over after-acquired cash unrelated to the withholding taxes." The Court explained:

> The language of 7501 limits the trust to 'the amount of the taxes *withheld or collected.'* ... [U]nder 7501 there must be a nexus between the funds collected and the trust created. That construction is consistent with the accepted principle of trust law requiring tracing of misappropriated trust funds into the trustee's estate in order for an impressed trust to arise.... [I]mposing a trust on all after-acquired corporate funds without regard to the interests of others in those funds would conflict with the priority rules applicable to the collection of back taxes.

*Id.* at 256, 98 S.Ct. at 1789. The Bankruptcy Court found that Section 7501 did not

impose upon Air Florida an obligation to turn over to the IRS those monies received from GPA and from its general funds because these funds were simply not related to the taxes the IRS sought to satisfy. The court below concluded that the IRS had failed to establish the existence of that requisite nexus between the funds collected and the trust allegedly created. This Court does not find the Bankruptcy Court's reasoning to be erroneous. Nor does this Court disagree with the Bankruptcy Judge's proposition that the IRS did not trace the commingled funds and this defect further prevents the application of a trust fund theory. *See, United States v. Randall, Trustee in Bankruptcy,* 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273 (1971).

The IRS also denies the existence of the § 547(b)(5) preferential effect element. For an avoidable preference, it must be shown that the creditor receiving the prepetition payment did obtain, by virtue of that payment, more than it would have had the payment not been made and the Debtor's assets had been liquidated under Chapter 7 of the Bankruptcy Code. The Bankruptcy Court's conclusion that the IRS did receive more than it would have under a Chapter 7 liquidation was indeed correct.

It is pivotal to the ruling below the question of whether the IRS had properly filed and perfected the tax liens. The court below found that the tax liens filed with the Clerk of the Circuit Court for Dade County, Florida were invalid to perfect an interest in the Debtor's property. The IRS would have this Court hold such determination to be erroneous. This the Court refuses to do.

■ Pursuant to 26 U.S.C. § 6323(f)(1)(A), the IRS can perfect a tax lien on personal property as follows:

Whether tangible or intangible, in one office within the State (or the County, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated.

There are two arguable sources of Florida law. Florida Statutes § 28.222 provides

that notices of federal tax liens may be filed with the Clerk of the Circuit Court. Florida Statutes § 329.01, however, mandates that all instruments affecting title to an interest in any civil aircraft of the United States be recorded in the Office of the Federal Aviation Administrator, "or such other office as is designated by the laws of the United States as the one in which such instruments should be filed." This latter provision is not only controlling, but co-exists peacefully with 49 U.S.C. § 1403 which requires that all liens affecting civil aircraft be recorded in FAA's central filing system, in the Office of the Administrator in Oklahoma City, Oklahoma. *See, Philko Aviation, Inc. v. Shacket,* 462 U.S. 406, 103 S.Ct. 2476, 76 L.Ed.2d 678 (1983).

■ However, if we assume there is merit to the Appellant's perception of a real conflict between Fla.Stat. § 28.222 and Fla.Stat. § 329.01, then we may turn to 26 U.S.C. § 6323(f)(1)(B) for direction. It provides that filing should be made "in the Office of the Clerk of the United States District Court for the judicial district in which the property subject to the lien is situated, whenever the State has not by law designated one office which meets the requirements of subparagraph (A);" Under this provision, the proper place for filing would be the United States District Court in the Southern District of Florida. The IRS has not filed with the federal court or with the FAA. In light of the improper filing and the absence of perfection of its interest in the Debtor's property, this Court cannot and will not find the Bankruptcy Court's conclusion that the IRS received more than it would have under a Chapter 7 liquidation to be inexact.

The Appellant argues quite extensively that Section 724(b) of the Bankruptcy Code may not be used to measure a preference under Section 547(b)(5). This Court need not become entangled in such controversy because the Bankruptcy Court below was simply elucidating the analagous reasoning and intent behind Section 547 actions against the IRS in Chapter 11 proceedings and the effect of Section 724(b) on IRS tax

liens in Chapter 7. Nor can this Court accept the IRS's contention that was rejected below that its release of a lien constituted "new value" and precluded the court from finding a preferential transfer.

## III

■ The balance of this Appeal concerns the Bankruptcy Court's finding that the sum of $650,000.00 paid the IRS postpetition be returned to the estate and the sum of $680,000.00 currently being segregated be released to the estate for legitimate estate purposes. On July 16, 1984, a postpetition deposit of $300,000.00 was made to the IRS as an excise tax payment on prepetition ticket sales. On July 17, 1984, another postpetition deposit to the IRS of $350,000.00 was made. The court below found that these funds were avoidable postpetition transfers pursuant to 11 U.S.C. § 549. The IRS argued below and on appeal that the payment was expressly authorized by the Bankruptcy Court's Order of July 6, 1984 and that the funds involved are 26 U.S.C. § 7501(a) trust funds, and hence, are not property of the estate.

This Court agrees with the Bankruptcy Court's reading and interpretation of its own Order as *not* authorizing or supporting the payment of the prepetition taxes. This Court also cannot find the Bankruptcy Court's rejection of the trust theory to be in error where no monies were held which could be identified or traceable as excise tax collections.

## IV

In conclusion, the IRS has failed to meet the burden necessary to overturn the decision of the Bankruptcy Court. There has been no showing that the Court below has made clearly erroneous findings of fact or improper legal conclusions. Therefore, the judgment of the Bankruptcy Court is hereby AFFIRMED in all respects. This Order or any Order of the Bankruptcy Court allowing for the distribution of said monies is to become effective seventy-two (72) hours after the entry of this Order.