In re SOUTHERN AIR TRANSPORT,
INC., Debtor.

Southern Air Transport, Inc., Plaintiff,

v.

Northwings Accessories
Corp., Defendant.

No. 99–0188.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Aug. 15, 2000.

Randall D. LaTour, Vorys, Sater, Seymour & Pease, Columbus, OH, for Plaintiff.

Thomas I. Blackburn, Buckley, King & Bluso, Columbus, OH, for Defendant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

The matters before the Court are the Motion for Partial Summary Judgment filed by Plaintiff, Southern Air Transport, Inc.; and the Motion for Partial Summary Judgment filed by Defendant, Northwings Accessories Corp. The parties also filed their Stipulation of Facts Between Southern Air Transport, Inc. and Northwings Accessories, Corp. ("Stipulation of Facts") for consideration by the Court in conjunction with the motions for summary judgment.

By its Motion for Partial Summary Judgement, Plaintiff requests a ruling that a mechanic's lien asserted by Defendant against spare aircraft parts owned by Plaintiff is not enforceable. Plaintiff asserts that federal law preempts state law as to the validity of such liens, and Defendant's failure to perfect its lien un-

der federal law results in it being avoidable pursuant to 11 U.S.C. § 545. Defendant requests that the Court find its mechanic's lien to be valid under Florida law, and rule that federal law does not preempt state law as to the validity of such liens. Accordingly, Defendant requests a ruling that its mechanic's lien is not avoidable.

This Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

### I  Findings of Fact.

The Court hereby incorporates the Stipulation of Facts into its ruling by this reference. In summary, the Stipulation of Facts indicates that Southern Air Transport, Inc. ("Southern Air" or "Debtor") was a Nevada corporation in the business of conveying freight between various airports. Northwings Accessories, Corp. ("Northwings") was a Florida corporation in the business of repairing and maintaining accessories for the aircraft industry. On and after July 10, 1997, Northwings performed services on various spare parts for aircraft used by Southern Air in its business. Northwings claims that it is owed over $160,000.00 from Debtor for the repairs to the aircraft parts, and that it has a perfected and enforceable possessory lien encumbering the aircraft parts pursuant to Florida law.

There is no dispute that Northwings performed services on the relevant aircraft parts, or that it holds a monetary claim against Debtor for unpaid services. Debtor argues that in order to perfect its lien under applicable federal law, Northwings was required to file notice of its lien with the Federal Aviation Administration ("FAA") Aircraft Registration Branch in Oklahoma City, Oklahoma. Northwings, however, made no such filings with the FAA, and this failure is alleged to be fatal to the validity of its lien against third

parties, including a hypothetical *bona fide* purchaser in existence when this case was commenced, based on the preemption doctrine. Debtor asserts that any statutory lien claimed by Northwings is therefore avoidable under 11 U.S.C. § 545.

Northwings argues that it has a duly perfected artisans' lien against the parts upon which repair services were performed pursuant to Florida Statutes ("Fla. Stat.") § 713.58 and § 713.61, and that state law has not been preempted by any federal law for purposes of determining the validity of an artisans' lien on aircraft parts.

The facts relevant for a determination of this matter, as set forth in the pleadings on file herein, are not in dispute, and this matter is appropriate for determination by summary judgment.

## II *Conclusions of Law.*

Rule 56(c) of the Federal Rules of Civil Procedure, incorporated by Bankruptcy Rule 7056 provides:

> [Summary judgment] ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The purpose of a motion for summary judgment is to determine if genuine issues of material fact exist to be tried. *Lashlee v. Sumner,* 570 F.2d 107, 111 (6th Cir. 1978). The party seeking summary judgment bears the initial burden of asserting that the pleadings, depositions, answers to interrogatories, admissions and affidavits establish the absence of genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). The burden on the moving party is discharged by showing that there is an absence of evidence to support a nonmoving party's

case. *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. 2548.

Summary judgment is appropriate if the nonmoving party fails to establish the existence of an element essential to its case, and on which it will bear the burden of proof. *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548. Thus, the ultimate burden of demonstrating the existence of genuine issues of material fact lies with a nonmoving party. The evidence must, however, be viewed in the light most favorable to the nonmoving party. *Lashlee,* 570 F.2d at 110–111.

The nonmoving party must do more than rest upon the allegations found in the pleadings, and must demonstrate that a genuine issue exists for trial through its own affidavits, depositions, answers to interrogatories, and admissions on file. The mere existence of a scintilla of evidence in support of a proposition will be insufficient to overcome a properly pleaded motion for summary judgment, and no issue will remain for trial unless there is sufficient probative evidence for a jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### A. *Relevant Bankruptcy Code Provisions.*

In order to determine the validity of the lien asserted by Northwings, the Court must determine whether Florida law applies, or whether the registration provisions of the Federal Aviation Act (49 U.S.C. §§ 44101–44112) preempts Florida law. Once that issue has been resolved, the Court must analyze whether Northwings' lien is avoidable under the Bankruptcy Code. 11 U.S.C. § 545 provides, in relevant part, as follows:

> The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—...
>
> (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that pur-

chases such property, whether or not such a purchaser exists...

As such, the Court must determine whether Northwings' asserted lien was enforceable against a "hypothetical *bona fide* purchaser" of the relevant property. *In re America West Airlines, Inc.*, 208 B.R. 476, 480 (Bankr.D.Ariz.1997), *aff'd*, 217 F.3d 1161 (9th Cir.2000).

As a debtor-in-possession pursuant to 11 U.S.C. § 1107(a), Debtor maintains the same rights, powers, and duties as a chapter 7 bankruptcy trustee. Debtor may therefore prosecute avoidance actions such as the one currently before the Court. 11 U.S.C. § 544(a)(1). Should the Court find that the lien asserted by Northwings was not perfected as against a hypothetical *bona fide* purchaser on the date that the within bankruptcy petition was filed, the lien will be avoidable under 11 U.S.C. § 545(2).

### B. Validity of Northwings' Lien Under State Law.

■ Northwings appears to have a duly perfected artisan's lien under the law of the State of Florida, where the subject repairs were performed. As set forth above, there is no dispute that Northwings performed repair services on Debtor's spare aircraft parts, and did not receive full payment for those repairs. As indicated in its Motion for Summary Judgement, Northwings "holds in its possession, custody, and control, the aircraft parts..." that it repaired for Debtor, for which payment is due, and upon which a lien is claimed.[1]

Northwings argues that its possessory lien is valid under Florida law, and is perfected by its continued possession of the aircraft parts under Fla.Stat. §§ 713.58 or 713.61. Fla.Stat. § 713.58 provides a lien for labor or services performed on personal property:

In favor of persons performing labor or services for any other person, upon the personal property of the latter upon which the labor or services is performed, or which is used in the business, occupation, or employment in which the labor or services is performed.

Similarly, Fla.Stat. § 713.61 provides a lien for manufacturing and repairing articles "in favor of any person who shall manufacture, alter or repair any article or thing of value; upon such article or thing."

■ By their very nature, mechanic's or artisan's are statutory liens that arise by operation of law, and not by executing or filing any type of instrument. *Associates Commercial Corp. v. Ross*, 465 So.2d 663 (Fla.Dist.Ct.App.1985). Both Fla.Stat. §§ 713.58 and 713.61 provide for a lien, such as the one asserted by Northwings, in order to ensure payment for repairs performed to the personal property of another party. The priority of such liens is set forth in Fla.Stat. § 679.310:

When a person in the ordinary course of his or her business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise.

■ Northwings' possessory lien against Debtor's spare aircraft parts appears to have priority over any claimed security interest in and to the parts. Fla. Stat. § 679.310. Debtor argues that regardless of Fla.Stat. §§ 713.58 and 713.61, Northwings was required to file notice of its artisans' lien with the FAA pursuant to Fla.Stat. § 329.01, which states as follows:

No instrument which affects the title to or interest in any civil aircraft of the

---

**1.** Debtor attempts to raise an issue of fact as to whether Northwings is in possession of the parts. However, Debtor's complaint requests turnover of the parts, and Northwings' motion for summary judgement repeatedly refers to Northwings being in possession of the parts. Debtor has not adequately challenged the assertion of possession, and the Court does not find this to be an actual issue of fact. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

United States, or any portion thereof, is valid in respect to such aircraft, or portion thereof, against any person, other than the person by whom the instrument is made or given... until such instrument is recorded in the office of the Federal Aviation Administrator of the United States...

■ While Debtor asserts Fla.Stat. § 329.01 is applicable to possessory liens affecting spare aircraft parts, the language of the statute requires the existence of an "instrument" that affects title to or interest in an "aircraft, or portion thereof". *See generally* 5 FL Jur.2d Aviation and Airports § 11 (1978). This case involves a statutory lien, arising by operation of law, against spare aircraft parts. There is no "instrument", and the lien is not against "any civil aircraft". The Court does not believe that spare aircraft parts should be construed as a "portion" of an aircraft for purposes of Fla.Stat. § 329.01. FAA recording is therefore not required under Fla.Stat. § 329.01. *Carolina Aircraft Corp. v. Commerce Trust Co.*, 289 So.2d 37, 38 (Fla.Dist.Ct.App.1974).

Debtor's argument under *In re Air Florida Systems, Inc.*, 50 B.R. 653 (Bankr. S.D.Fla.1985), *aff'd*, 56 B.R. 732, opinion withdrawn, 68 B.R. 134 (1986) is not persuasive. Initially, the Court questions the precedential value of an opinion that has been withdrawn. Regardless, *Air Florida* involved a tax lien *on an aircraft*, and held that such liens must be filed with the FAA both under Fla.Stat. § 329.01, and 49 U.S.C. § 1403[2]. Fla.Stat. § 329.01 clearly governs the filing of liens against aircraft, as in *Air Florida*, but does not apply to liens against spare aircraft parts.

Under Florida law, Northwings' possessory lien on Debtor's spare aircraft parts is valid, and has priority over other perfected security interests. Cases decided pursuant to Florida law support this con-

clusion. *See Eastern Airlines Emp. Federal Credit Union v. Lauderdale Yacht Basin, Inc.*, 334 So.2d 175 (Fla.Dist.Ct. App.1976) (unrecorded mechanic's lien on boat had priority over prior recorded security interest); *Carolina Aircraft, supra* (unrecorded mechanic's lien on aircraft had priority over prior recorded chattel mortgage); and *Gables Lincoln–Mercury, Inc. v. First Bank & Trust Co. of Boca Raton*, 219 So.2d 90 (Fla.Dist.Ct.App.1969) (unrecorded possessory lien on automobile had priority over prior security interest). *See also* 34 FL Jur. Liens § 35 (1978) (statutory lien for services or materials takes priority over perfected security interests if possession retained). Should the Court conclude that Florida law governs the validity and priority of liens, Northwings would be entitled to an order granting its motion for summary judgement.

### C. FAA Filing Requirements.

■ The validity and priority of Northwings' lien under Florida law will be irrelevant if the Court concludes that state law is inconsistent with and preempted by federal law. The doctrine of federal preemption of state law is derived from the Supremacy Clause, U.S. Const., Art. VI, cl. 2, and requires the Court to examine congressional intent to determine the extent to which preemption applies. *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 152, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982). Preemption may be either express or implied, based on the structure and purpose of the relevant federal statute. *Jones v. Rath Packing Co.*, 430 U.S. 519, 525, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604 (1977). Federal regulations may have the same preemptive effect as statutes. *City of N.Y. v. F.C.C.*, 486 U.S. 57, 63, 108 S.Ct. 1637, 1641–42, 100 L.Ed.2d 48 (1988). State law will be considered preempted to the extent that it

2. The registration provisions of the Federal Aviation Act were previously codified at 49 U.S.C. § 1403, and were amended to make mostly technical changes in 1994. Decisions

under former § 1403 are, however, still of precedential value. *In re Equipment Leassors of Pennsylvania*, 235 B.R. 361, 365, n. 5 (E.D.Pa.1999).

conflicts with federal law. *de la Cuesta,* 458 U.S. at 153, 102 S.Ct. 3014.

■ The federal registration and recordation requirements mandate that liens affecting aircraft and spare aircraft parts must be filed with the FAA, and governs the validity of liens asserted in such property. 49 U.S.C. § 44107(a) provides, in relevant part:

The Administrator of the Federal Aviation Administration shall establish a system for recording—

(1) conveyances that affect an interest in civil aircraft of the United States;

(2) leases and instruments executed for security purposes, including conditional sales contracts, assignments, and amendments, that affect an interest in—

(A) a specifically identified aircraft engine . . . ;

(B) a specifically identified aircraft propeller . . . ;

(C) an aircraft engine, propeller, or appliance maintained for installation or use in an aircraft, aircraft engine, or propeller . . . ; and

(D) *spare parts maintained by or for an air carrier holding a certificate issued under section 44705 of this title . . .* [3]

(emphasis added).

Debtor argues that 49 U.S.C. §§ 44107 and 44108, and the lien recording requirements arising thereunder, also apply to spare aircraft parts maintained by or for Debtor. 49 U.S.C. § 44108 provides, in relevant part:

(a) Validity before filing.—Until a conveyance, lease, or instrument executed for security purposes that may be recorded under § 44107(a)(1) or (2) of this title is filed for recording, the convey-

ance, lease, or instrument is valid only against—

(1) the person making the conveyance, lease, or instrument;

(2) that person's heirs and devisees; and

(3) a person having actual notice of the conveyance, lease, or instrument.

In *Philko Aviation, Inc. v. Shacket,* 462 U.S. 406, 103 S.Ct. 2476, 76 L.Ed.2d 678 (1983), the seller of an aircraft failed to provide a purchaser with title documents, then fraudulently sold the aircraft again to Philko Aviation. The documents evidencing the transfer of the aircraft to Philko Aviation were filed with the FAA. The documents evidencing the transfer of the aircraft to the original purchasers were not so filed.

In a declaratory judgment action instituted by the original purchasers of the aircraft, the *Philko* Court ruled that under 49 U.S.C. § 1403 (§ 503 of the Federal Aviation Act) [4], every aircraft "conveyance" must be evidenced by an instrument, and such instruments must be recorded with the FAA to be effective against third parties. *Philko,* 462 U.S. at 409–410, 103 S.Ct. 2476. "Furthermore, because of these requirements, state laws permitting undocumented or unrecorded transfers are preempted, for there is a direct conflict between § 503(c) and such state laws, and the federal law must prevail." *Philko,* 462 U.S. at 409–410, 103 S.Ct. 2476. The *Philko* Court based its decision, in part, on the "primary congressional purpose for the enactment of § 503(c), which was to create a 'central clearing house for recordation of titles so that a person, wherever he may be, will know where he can find ready access to the claims against, or liens, or other legal interests in an aircraft.'"

---

**3.** The Affidavit of Thomas Gillies attached to Debtor's Motion for Summary Judgment specifies that Debtor was a "qualified air carrier" under 49 U.S.C. § 44705, and was in possession of a "Part 121" air carrier operating certificate. This proposition does not

seem to be in dispute, and has not been challenged by Northwings.

**4.** The predecessor to the federal registration and recordation provisions now found in 49 U.S.C. §§ 44107 and 44108.

*Philko,* 462 U.S. at 411, 103 S.Ct. 2476, *citing* Hearings Before The House Comm. on Interstate and Foreign Commerce, 75 Cong., 3d Sess., p. 407 (April 1, 1938) (testimony of F. Fagg, Director of Air Commerce, Dept. of Commerce).

In light of *Philko,* conveyances of aircraft must be both written, and recorded with the FAA to be effective against third parties. However, the *Philko* decision has broader implications. After *Philko* was decided, cases interpreting 49 U.S.C. § 1403 and 49 U.S.C. §§ 44107 and 44108 have found that FAA recording is also required for perfection of security interests in civil aircraft. *See, In re Air Vermont, Inc.,* 45 B.R. 820, 822–823 (D.Vt. 1984) (security interest in aircraft was not filed with the FAA, and was therefore not perfected); and *Equip. Leassors of Pennsylvania,* 235 B.R. at 364 (security interest in helicopter must be recorded with FAA).

Numerous cases, decided both before and after *Philko,* have found that mechanic's liens against aircraft also are subject to the mandatory FAA filing requirement. *See, Aero Support Systems, Inc. v. F.D.I.C.,* 726 F.Supp. 651, 653 (N.D.Tex. 1989) (mechanic's lien against aircraft must be recorded with the FAA to be perfected—state law is preempted); *South Shore Bank v. Int'l Jet Interiors, Inc.,* 721 F.Supp. 29, 32–33 (E.D.N.Y.1989) (mechanic's lien on aircraft must be recorded with FAA—state law is preempted); *Southern Horizons Aviation v. Farmers & Merchants Bank,* 231 Ga.App. 55, 56–57, 497 S.E.2d 637, 639 (Ga.App.1998) (mechanic's lien on aircraft is invalid against third parties unless notice is filed with FAA); *General Elec. Capital Corp. v. Advance Petroleum, Inc.,* 660 So.2d 1139, 1141 n. 2 (Fla.Dist.Ct.App.1995) (FAA maintains a registry for recording conveyances, security interests, or other encumbrances affecting title to civil aircraft, and recordation with the FAA is mandatory); and *Crescent City Aviation, Inc. v. Beverly Bank,* 139 Ind.App. 669, 672, 219 N.E.2d 446, 448 (Ind.App.1966) (Federal Aviation Act is exclusive means for recording liens on aircraft, including mechanic's liens). Therefore, artisan's liens against aircraft are within the ambit of the Federal Aviation Act, and FAA filing is mandatory. *In re Holiday Airlines Corp.,* 620 F.2d 731, 735 (9th Cir.1980), *cert. den'd,* 449 U.S. 900, 101 S.Ct. 269, 66 L.Ed.2d 130 (1980).

Recording with the FAA also is mandatory for leases and security agreements or other "instruments executed for security purposes" that affect an interest in spare aircraft parts. *In re Avair,* 98 B.R. 261 (Bankr.W.D.Va.1988). In *Avair,* a lien creditor claimed to have a perfected lien against spare aircraft parts pursuant to filings made in accordance with state law. No filings were made with the FAA. The *Avair* court found that the holding in *Philko* was applicable to liens against spare aircraft parts:

> First, its rationale concerning mandatory § 503 recording with respect to aircraft compels a similar conclusion concerning spare parts maintained by or on behalf of a certificated air carrier. Second, even considering the later 1948 amendments' legislative history, the intent of Congress does not appear to have been different regarding the filing requirement for covered spare parts.

*Avair,* 98 B.R. at 264. Security agreements affecting spare aircraft parts must therefore be filed with the FAA in order to be effective against third parties. *Id.* Such a finding is consistent with the clear language in 49 U.S.C. §§ 44107(a)(2)(D), and 44108(a).

### D. FAA Recording Requirement for Possessory Liens On Spare Parts.

The case before the Court, however, is different from all previously cited cases. Here, the issue involves the FAA recording requirement, if any, for statutory possessory liens affecting spare aircraft parts. There appear to be no cases that have discussed this issue. The language of the statute itself refers to recording requirements for "leases and instruments execut-

ed for security purposes." 49 U.S.C. § 44107(a)(2)(D). In an attempt to bridge the gap in the statute regarding mandatory FAA recording of possessory liens affecting spare aircraft parts, Debtor cites to *Philko* and its progeny.

Upon an analysis of the applicable case law, the federal registration and recordation requirements, its legislative history, and the implementing regulations (14 C.F.R. §§ 49.1 to 49.55), the Court concludes that FAA recording of all liens, including notices of mechanic's liens against spare aircraft parts, is required for validity against third parties. Northwings' mechanic's lien is valid under Florida law. However, that law has been preempted by the federal registration and recordation statute, and Northwings has not complied with the requirement that it file notice of its lien with the FAA.

This Court concludes that it was the intent of Congress, and the Administrator of the FAA, to preempt state laws that would recognize the validity of unrecorded liens against spare aircraft parts, whether arising by agreement or by statute, as against innocent transferees or lien holders who have recorded with the FAA. *See Philko*, 462 U.S. at 410, 103 S.Ct. 2476. This conclusion is based on the language set forth in 49 U.S.C. §§ 44107 and 44108, as well as the implementing regulations, which are inconsistent with affording validity to unrecorded liens of any type that affect, among other things, spare aircraft parts.

14 C.F.R. § 49.51 states that the following kinds of "conveyances" are subject to mandatory FAA recording requirements:

Any lease, a notice of tax lien or other lien... and any mortgage, equipment trust, contract of conditional sale, or other instrument executed for security purposes which affects title to, or any interest in, any aircraft engine, propellor, or appliance... aircraft engines, or propellor, or any spare parts, maintained at a

designated location or locations by or on behalf of such an air carrier.

While possessory liens are often not evidenced by a writing, the cases cited above clearly indicate that notice of a mechanic's lien against a civil aircraft must be filed with the FAA to be valid against third parties. There is no basis for engaging in a different analysis where spare aircraft parts are at issue, and no reason to reach a different conclusion on the need for FAA filing.

Requiring the recording of notice of a mechanic's lien against spare parts is equally necessary to comply with the congressional purpose to create a "central clearing house for recordation of titles so that a person, wherever he may be, will know where he can find ready access to the claims against, or liens, or other legal interests in an aircraft." *Philko*, 462 U.S. at 411, 103 S.Ct. 2476. The Administrator of the FAA found it proper to establish an expansive definition of "conveyance" to comply with Congressional intent. 14 C.F.R. § 49.51 specifically calls for FAA recordation of a "notice of tax lien *or other lien*... which affects title to, or any interest in... *any spare parts*... maintained... by or on behalf of an air carrier" (emphasis added). Giving validity to liens perfected only under state law, without the requisite FAA filing, clearly conflicts with this broad construction of "conveyance," and cannot withstand scrutiny under the preemption doctrine. *de la Cuesta*, 458 U.S. at 153, 102 S.Ct. 3014.

While the *Avair* court ruled on whether FAA filing is required for security agreements covering spare aircraft parts, this Court finds that analysis to be instructive. In ruling that FAA filing was required for security agreements covering spare aircraft parts, the *Avair* court noted that the legislative history accompanying the 1948 amendments to the Federal Aviation Act "indicates an intent to expand the available collateral base for airlines and aircraft manufacturers to the numerous spare parts that must be sold with the air-

craft..." *Avair*, 98 B.R. at 264. Such an intent would be frustrated by giving validity to unrecorded possessory liens on spare aircraft parts.

The legislative history to the Federal Aviation Act supports this Court's ruling. The legislative history reveals the intent to facilitate the financing of new aircraft, and the necessary additional engines and spare parts. The prior Civil Aeronautics Act allowed for recording liens on aircraft, but not on engines or spare parts. The House Report states:

> This bill would provide a system for the recordation of liens on large aircraft engines and on spare parts used by air carriers. The [current law] now provides that the Administrator maintain a system for the recordation of all conveyances affecting title to, or interest in, aircraft of the United States. That system... does not permit the recordation of liens on aircraft engines or spare parts... This bill would broaden the present provisions to permit that type of recordation.
>
> This bill will facilitate the financing of new aircraft. Whenever new aircraft are purchased there must also be secured additional aircraft engines and spare parts... The cost of these spares often amounts to 25 percent of the total purchase price. Under existing law, since a lien cannot be recorded on the separate engines and spare parts... it is extremely difficult to finance the purchase by giving a mortgage or other lien on such engine and parts.

H.R.Rep. No. 2165, 80th Cong., 2d Sess. 1 (1948). The reference in *Philko* to the intent to create a "central clearing house for recordation", and the legislative history regarding the intent to facilitate aircraft financing by allowing for recordation of liens on engines and spare parts, would be frustrated if mechanic's liens against spare parts were not subject to the mandatory FAA recording requirement. The concept of a "central clearing house" would certainly be thwarted if statutory liens were excepted, and prospective purchasers of aircraft and accompanying spare parts would not be able to rely on the FAA registry to determine the extent to which such parts were encumbered.

While the language of 49 U.S.C. § 44017(a)(2) refers to "leases and instruments executed for security purposes," when read together with its implementing regulations, it becomes apparent that notice of possessory liens against spare parts must be filed with the FAA. 49 U.S.C. § 44107(a) simply directs the Administrator of the FAA to establish a system for recordation. The Code of Federal Regulations contains the recordation requirements called for by the statute, and contains a very expansive definition of the types of "conveyances" that must be recorded with the FAA. 14 C.F.R. § 49.1 ("Applicability") states, in relevant part: "This part applies to the recording of certain conveyances affecting title to, or any interest in... any spare part..." 14 C.F.R. § 49.51, as set forth above, applies to the recording of "conveyances" including notices of tax or other liens affecting title to, or any interest in spare parts (among other things).

49 U.S.C. § 44108(a) makes specific reference to "conveyances", and indicates that any conveyance must be filed for recording with the FAA to have validity against third parties, such as *bona fide* purchasers. Reading this statute together with the relevant implementing regulations, including 14 C.F.R. § 49.51, clarifies the requirement that all notices of liens, including mechanic's liens against aircraft, engines, and spare parts, are "conveyances" subject to the mandatory FAA recording requirement. The recording requirements for "conveyances" are not particularly onerous under 14 C.F.R. § 49.53, and the Court would expect companies performing work on aircraft and spare parts to be, of necessity, sophisticated as to the intricacies of the industry. Accordingly, the Court does not believe that compliance with the FAA recording requirements for notices of me-

chanic's liens on spare aircraft parts would be unduly burdensome.

While the *Philko* court made no specific reference to spare aircraft parts, the Court finds the Supreme Court's analysis applicable to the present case. It is logical and necessary to require that notices of all liens affecting aircraft, engines, and spare parts to be subject to the mandatory FAA recording requirement. Any other conclusion would be inconsistent with the relevant sections of the Code of Federal Regulations, and the legislative history discussed in *Philko*.

Northwings argues that *Philko* and its progeny do not apply to possessory liens, and specifically do not apply to possessory liens concerning spare aircraft parts. Northwings relies on *Carolina Aircraft*, *supra*, and *In re Gull Air, Inc.*, 73 B.R. 820 (Bankr.D.Mass.1987) in support of its contention. In *Carolina Aircraft*, Commerce Trust held a chattel mortgage on an airplane, and recorded its lien with the FAA. Carolina Aircraft subsequently performed repairs to the aircraft, and maintained possession and control, but did not file notice of its lien with the FAA. The court in *Carolina Aircraft* found that the unrecorded mechanic's lien, which arose pursuant to Fla.Stat. § 713.58, took priority over a prior security interest pursuant to Fla.Stat. § 679.310 despite the fact that the security interest was recorded with the FAA. *Carolina Aircraft*, 289 So.2d at 38. *Carolina Aircraft*, however, was decided prior to *Philko*, and is not consistent with the federal registration and recordation requirements, and the implementing federal regulations. The Court is therefore not persuaded by the ruling in *Carolina Aircraft*.

Northwings' argument under *Gull Air* also is not persuasive. The court in *Gull Air* noted that the purpose of the federal recordation requirement was "to protect persons who have dealt on the faith of the FAA register, as to whom it would be fraud to give effect to unrecorded interests to their detriment." *Gull Air*, 73 B.R. at 822–823, citing *CIM Int'l v. United States*, 641 F.2d 671, 674 (9th Cir.1980). *Gull Air*, however, involved a dispute between the parties to an aircraft sale. No party was asserting the rights of an innocent lien holder or other third party, such as a trustee in bankruptcy asserting the rights of a hypothetical *bona fide* purchaser. The *CIM* case relied on by the court in *Gull Air* also was decided prior to *Philko*, and the *Philko* court took a more expansive view as to the purpose of the federal recordation requirements.

Finally, Northwings cites *Southern Jersey Airways, Inc. v. Nat'l Bank of Secaucus*, 108 N.J.Super. 369, 261 A.2d 399 (1970), which held that an unrecorded mechanic's lien had priority over a prior FAA recorded security interest. However, *Carolina Aircraft*, *CIM*, and *Southern Jersey* were all decided prior to *Philko*. For the reasons set forth above, the Court finds that the cases cited by Northwings are not persuasive in light of *Philko*, and the relevant statutes and implementing regulations cited herein.

### III  *Conclusion.*

Debtor, in its capacity as debtor-in-possession under 11 U.S.C. § 1107, has the rights and duties of a trustee in bankruptcy. Such rights and duties include, under 11 U.S.C. § 545, avoiding the fixing of a statutory lien that is not perfected at the commencement of the case against a hypothetical *bona fide* purchaser. Notice of Northwings' lien against the Debtor's spare aircraft parts, property of this bankruptcy estate, was not recorded with the FAA as required under 49 U.S.C. §§ 44107 and 44108, and 14 C.F.R. § 49.51. Accordingly, any such lien is not valid against a hypothetical *bona fide* purchaser, and is avoidable under 11 U.S.C. § 545(2).

Based on the foregoing, the Motion for Partial Summary Judgement of Southern Air Transport, Inc. is Granted; and the Motion for Partial Summary Judgement

filed by Northwings Accessories Corp. is Denied.

IT IS SO ORDERED.